# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* THE PLACERVILLE AND SACRAMENTO VALLEY RAILROAD COMPANY.

Assessor—Limitation of His Functions to His District.—By the provisions of section thirteen of Article XI of the Constitution, the authority of Assessors is limited to the districts within and for which they are elected. They have no power to assess property situated beyond the limits of their respective districts.

Idem—Railroad Assessment Act (Stats. 1863–4, p. 357) Unconstitutional.—So much of the Act regulating the assessment and taxation of railroads (Stats. 1863–4, p. 357) as provides for the assessment of railroad and other property by Assessors other than by those in whose respective districts the property assessed is situated, is held to be unconstitutional and void.

Appeal from the District Court, Eleventh Judicial District, El Dorado County.

This was an action by the People to recover of the defendant certain taxes levied and assessed on its property for the fiscal year 1866. The defendant demurred to the complaint, and it was sustained by the Court below, and judgment passed for defendant. The People appealed.

The other facts are stated in the opinion of the Court.

*J. G. McCullough,* Attorney General, for Appellant.

*H. H. Hartley,* for Respondent.

By the Court, Rhodes, J. :

The question arises upon the construction of the Act regulating the assessment and taxation of railroads. (Stats. 1863–4, p. 357.) The first section, after providing that the road, and the real and personal property appertaining thereto, shall be assessed in the county where they are situated, and that the capital stock shall not be liable to assessment against the corporation, and providing the manner in which a description of the property shall be procured, concludes as follows: "And when there are several Revenue Districts in the same county, the whole length of said roads in said county shall

be assessed in the Revenue District in which the county seat is or may be located."

In El Dorado County there is a system of Township Assessors and Collectors, the Act providing that in each township there shall be elected one Township Collector, "who shall be *ex officio* Township Assessor." The county is thus divided into Revenue Districts, which correspond with the several townships. The complaint alleges that the property upon which the tax in this case was assessed, was situated in two certain townships, and was assessed by the Assessor of a third township—the township in which the county seat is situated. The demurrer raises the question of the legality of the assessment.

It is prescribed by section thirteen of Article XI of the Constitution, that "Assessors and Collectors of town, county, and States taxes shall be elected by the qualified electors of the district, county, or town in which the property taxed for State, county, or town purposes is situated." The debates and proceedings in the Constitutional Convention show that this clause was added to the section as a safeguard against and to prevent the injurious consequences likely to flow from a system by which property in one district might be assessed by an Assessor elected in another district, or appointed from a distant part of the State. One of the strongest arguments against the clause was, that under its operation the Assessor would be subservient to the will of his immediate constituents, and, in their interest, would greatly undervalue their property, to the detriment of the interests of the State at large. But, notwithstanding this and other arguments, the clause was added to the section, not only for the purpose of requiring the Assessors and Collectors to be elected, but also to be elected by the qualified electors of their respective districts. If this is the proper construction of the clause—and that was the construction given in *The People* v. *Hastings*, 29 Cal. 419—it necessarily follows that the authority of the Assessor is limited to the district

within and for which he is elected, and that he has no power to assess property situated beyond the limits of his district. We are, therefore, compelled to hold that the clause of the section of the statute first quoted is unconstitutional. The allegation that the Assessor of Placerville Township "duly assessed" the property, will not relieve the plaintiff, for that allegation is coupled with the further allegation that the property was situated not in his but in other districts. Taking the two allegations together, it is equivalent to the allegation that the property was not duly assessed.

Judgment affirmed.

MR. JUSTICE SANDERSON, being disqualified, did not participate in the decision.