[No. 9947. In Bank.—June 6, 1885.]

A. M. ROSBOROUGH, PETITIONER, *v.* CHARLES T. BOARDMAN, COUNTY AUDITOR, ETC., RESPONDENT.

COUNTY ASSESSOR OF ALAMEDA COUNTY—ACT OF FEBRUARY 10, 1874, ABOLISHING. —The Act of February 10, 1874, abolishing the office of county assessor of Alameda County, and creating the office of township assessor, is constitutional. Such act was not repealed by the Act of March 7, 1881, amending section 4109 of the Political Code.

ID.—COUNTY GOVERNMENT ACT.—After the passage of the Act of January 10, 1874, and until the first Monday after the 1st day of January, 1885, the date on which the provisions of the County Government Act of March 14, 1883, creating county offices, took effect, there was no such office as county assessor of Alameda County.

PUBLIC OFFICE—VACANCY IN, HOW CREATED.—A public office does not become vacant except upon the happening of one of the events enumerated in section 996 of the Political Code.

APPLICATION for a writ of mandate to compel the respondent, as county auditor of Alameda County, to draw his warrant in payment of the petitioner's salary as county assessor for the month ending on the first Monday in February, 1885. Neither at the general election held in 1882, nor subsequent thereto, had any person been elected or appointed to the office of county assessor of Alameda County, until on December 15, 1884, the board of supervisors appointed the petitioner to fill the vacancy supposed to exist in such office. The further facts are stated in the opinion of the court.

*R. A. Redman*, for Petitioner.

*S. P. Hall*, District Attorney, *Wm. R. Davis*, and *E. C. Robinson*, for Respondent.

SHARPSTEIN, J.—If there was not, immediately preceding the date of the passage of the act to " establish a uniform system

of county and township governments" (approved March 14, 1883), any such office as that of " county assessor of Alameda County," there is not any such office now, unless it was created by some provision of that act; and if such an office was created by any provision of that act, such provision did not take effect prior to the first Monday after the 1st day of January, 1885, as clearly appears by section 181: —

" Any provision of this act creating a county office in any county shall not (except for election purposes) take effect prior to the first Monday after the first day of January, eighteen hundred and eighty-five." (St. and Amdts. to Codes, 1883, p. 365.)

·The petitioner's alleged appointment was made prior to the 1st day of January, 1885, and before any provision of the Act of March 14, 1883, "creating a county office" in Alameda County, had taken effect. Petitioner, however, insists that the Act of February 10, 1874, which abolished the office of county assessor of Alameda County and created township assessors, was repealed by an amendment to the Political Code. But this amendment, although passed subsequently to the Act of February 10, 1874, became a part of the Political Code which went into effect prior to the passage of said act. As originally adopted, the Code denominated and enumerated the officers of a county. (Pol. Code, § 4103.)

By the subsequent Act of February 10, 1874, the provision of that Code, making " an assessor " a county officer of Alameda County, was repealed. The amendment of the Code which took effect March 7, 1881, does not expressly repeal, nor is it repugnant to any of the provisions of the Act of February 10, 1874. It simply fixes the time of the election of the several officers enumerated in it. (Pol. Code, § 4109.) But for the Act of February 10, 1874, this amendment would have applied to Alameda County as fully as to any other. After the passage of the Act of February 10, 1874, Alameda County was as clearly excepted from the operation of the original Code, so far as it related to the office of county assessor, as if the exception had been made in that Code. And if it had been, we think no one would seriously contend that the exception was repealed or in any way affected by the amendment of March 7, 1881    The

amendment does not create any offices. It simply provides when elections shall be held for filling those already created. It must be read in connection with the other provisions of the Code in which it is incorporated. And being so read it cannot be held to repeal by implication an act which was passed after the adoption of the Code, and which in no way relates to the subject to which the amendment relates, viz., the time of electing county officers.

There is another ground on which we think this application must be denied. The power of the supervisors to appoint petitioner depended on there being a vacancy in the office; and an office becomes vacant on the happening of any of the events enumerated in section 996 of the Political Code, among which the event relied on in this case is not mentioned. The enumeration in the Code must be held to be exclusive. (*People* v. *Tilton*, 37 Cal. 621; *Stratton* v. *Oulton*, 28 Cal. 51; *People* v. *Bissell*, 49 Cal. 411.)

In *Mitchell* v. *Crosby*, 46 Cal. 97, this court said: "When the Code mentions assessors it must be construed as meaning district assessors as well as county assessors, so long as the present district assessors remain in office," which would be until the happening of one of the events enumerated in section 996 of the Political Code, or the election and qualification of their successors. (Pol. Code, § 876.)

Thus far we have assumed that the Act of February 10, 1874, was constitutional. Counsel for petitioner insists that it was not. It was passed while the late Constitution was in force, and if during that period, it or a similar act was held to be constitutional, the question must now be regarded as settled. In *People* v. *Central P. R. Co.* 43 Cal. 398, the constitutionality of an act which provided for the election of district assessors for Placer County was attacked on the same grounds that the constitutionality of the act under which township assessors for Alameda County were elected is now attacked, and was held to be constitutional. In *People* v. *Placerville & S. P. V. R. Co.* 34 Cal. 656, it was held that in El Dorado County, which was divided into revenue districts corresponding to the several townships, the authority of each assessor was limited to the district within and for which he was elected; implying that within their respective

districts they had the power to assess property. These cases are in our opinion decisive of the question.

As the right of the petitioner depends, (1) on there being such an office as that which he claims to have been appointed to fill, at the date of his alleged appointment; and (2) on there being a vacancy in the office at that date, it follows from the foregoing that his application for a writ to compel the respondent to draw his warrant on the treasurer for the payment of his (petitioner's) salary as "county assessor" must be denied.

Application denied.

MORRISON, C. J., MYRICK, J., ROSS, J., and McKINSTRY, J., concurred.

THORNTON, J., concurring. — I concur in the judgment in this cause, and in the opinion except as to that portion which relates to vacancies in office and the effect attributed to section 996 of the Political Code. I am of opinion that an office is vacant which has never had an incumbent legally elected or appointed; and becomes vacant where the term fixed by law of the incumbent thus legally elected or appointed has expired, though he may hold over until his successor is elected or appointed and has qualified. If this is not so, the term of certain officers is extended by an act of the legislature (§ 996, Pol. Code) in direct violation of the last clause in section 9, article xi., of the Constitution. There may be other cases where an office becomes vacant in the sense of the words "becomes vacant" employed in article v., section 8, of the Constitution, not mentioned above or defined in section 996. The question discussed in the portion of the opinion to which I cannot give my assent, does not arise in the case, for when it is said, as it is in the opinion, that "the petitioner's alleged appointment was made prior to the 1st day of January, 1885, and before any provision of the Act of March 14, 1883, creating a county office in Alameda County, had taken effect," the question as to vacancy is determined, and that by holding that there was no vacancy at that time.