252 So.2d 71

Nell Y. COOK

v.

STATE of Alabama ex rel. Maxwell A. REEVES, and Maxwell A. Reeves.

4 Div. 409.

Supreme Court of Alabama.

Aug. 26, 1971.

Cassady & Fuller, Enterprise, for appellant.

G. A. Lindsey, Elba, for appellee.

SIMPSON, Justice.

This is an appeal from the judgment of the Circuit Court of Coffee County excluding and ousting Nell Y. Cook from the office of Tax Collector of Coffee County and holding that Maxwell A. Reeves was entitled to execute the duties of that office.

The facts are without dispute, they being stipulated. As to the applicable law no such harmony exists between the parties.

These are the facts giving rise to this litigation:

In 1967 James L. Sawyer was elected Tax Collector of Coffee County for the regular term of six years and duly entered into the performance of his duties. While serving as such Collector he ran for the office of Probate Judge of his county for a regular term to begin 12:01 A.M., January 19, 1971. He was elected. On January 10, 1971, Sawyer took the oath of office as Probate Judge and filed the required bond which was that day approved. He took an additional oath of office as Judge of Probate on January 18, 1971 and on the following day assumed office as Judge of Probate. He did not resign his duties as Tax Collector but continued to perform the duties of said office until he assumed the office of Judge of Probate at 12:01 A.M., January 19, 1971.

On January 15, 1971, the then Governor of Alabama, His Excellency Albert P. Brewer, appointed Mrs. Nell Y. Cook as Tax Collector of Coffee County to fill the unexpired term of James L. Sawyer, his letter of appointment being as follows:

"(Alabama Great Seal)
"State of Alabama
"Executive Department
"Montgomery

"January 15, 1971

"Mrs. Nell Young Cook
Elba,
Alabama

"Dear Mrs. Cook:

"I am happy to inform you that I have today appointed you to serve as Tax Collector of Coffee County, filling the unexpired term of James L. Sawyer, who has been elected Probate Judge of Coffee County.

"The Tax Collector's Office will be vacated by Mr. Sawyer's assuming the office of Probate Judge.

"With best wishes, I am

"Sincerely yours,
"/S/ Albert P. Brewer
"Albert P. Brewer
"Governor

"APB: Cma

"cc: Judge J. Oscar English
Probate Judge
Elba, Alabama

Mr. Roy W. Sanders
Acting Comptroller
Finance Department"

On that same day Mrs. Cook took the prescribed oath of office and posted the required bond which was thereupon approved by the Judge of Probate of that county. On January 18, 1971, a Commission issued from Governor Brewer to Mrs. Cook in which she was Commissioned Tax Collector of Coffee County " * * * during the term prescribed by the Constitution and Laws of the State of Alabama * * *." The term of Governor Brewer expired at midnight January 18, 1971 and that of His Excellency Governor George C. Wallace began at 12:01 A.M. on January 19, 1971. During his first day in office Governor Wallace appointed Maxwell A. Reeves as Tax Collector of Coffee County for the unexpired term of James L. Sawyer, the letter of appointment stating that the term of office began at 12:01 A. M., January 19, 1971. Reeves, evidently in anticipation of the appointment, though this was not stipulated, filed bond on January 18, 1971, the bond on that day being approved by the Judge of Probate of that county. On January 22, Reeves duly filed his oath of office and was commissioned by Governor Wallace, his Commission also reading " * * * during the term prescribed by the Constitution and Laws of the State of Alabama * * *."

Prior to 12:01 A.M., January 19, J. Oscar English was the Judge of Probate of Coffee County. It was he who on January 10 gave the oath of office to Sawyer, and approved his bond as incoming Judge of Probate. It was he who gave Sawyer an additional oath of office on January 18. It was he who on January 18 gave the oath of office to Mrs. Cook and approved her bond.

■ From the above facts it appears that unless a vacancy in the office of Tax Collector of Coffee County arose by operation of law during the term of Governor Brewer, there was no vacancy for him to fill. The incumbent Collector Sawyer had not resigned his office as of 12:00 midnight, January 18, 1971, and was not due to take office as Judge of Probate until 12:01 A.M. on January 19, 1971. He could not take office prior to that time as the term of office of Probate Judge English did not expire until 12:00 midnight, January 18. The striking of the clock that marked the end of the term of Governor Brewer, also ended the term of Judge English, both terms terminating the same instance of time. As their terms expired, that of Governor Wallace began, as did that of Sawyer as Probate Judge. Section 280 of our Constitution then came into play. Its clear provision that no person shall hold two offices of profit under the State at the same time made it impossible for Sawyer to be both Tax Collector of Coffee County and its Judge of Probate at the same time. Having already taken the oath of office as Probate Judge and having already posted the required bond, both acts showing his intention to enter into the performance of his duties as Probate Judge, to which office he had been elected, we hold that at 12:01 A.M., January 19, 1971, he became Judge of Probate of Coffee County by the happening of which event, and not before, the office of Tax Collector became vacant. This vacancy occurred the same moment that the term of Governor Wallace began and by virtue of § 176 of Title 41, Code of Alabama 1940, he had the authority to fill it. Such are our views.

Mrs. Cook, on the other hand, takes the position that her appointment by Governor Brewer is valid for one of two reasons. The first is that a vacancy did exist in the office of Tax Collector of Coffee County before the expiration of his term, which vacancy was brought about by operation of law in that the acceptance by Sawyer of the office of Judge of Probate as demonstrated by his taking the oath of office and filing the required bond constituted a relinquishment of his office of Tax Assessor, or secondly it made a vacancy in that office so certain as to empower Governor Brewer to make a prospective appointment.

A first reading of statements contained in some of our decisions seems to lend support to the stand of the appellant. The early case of Scott v. Strobach, 49 Ala. 477, dealt with the subject we now consider. In that case a contest arose out of the election of one Strobach who was a member of the general assembly of Alabama, to the office of Sheriff of Montgomery County. Justice Brickell stated:

> "The election of the appellee to the office of sheriff did not fill that office, nor vacate his seat in the General Assembly. He filled the office of sheriff when he received the commission of the governor, executed the official bond required by law, and took the oath of office."

In that case, however, when Strobach received the Commission, executed the bond and took the oath, there was an office into which he could immediately enter and he would have been holding two offices under the State at the same time. It is the holding of two offices at the same time which is enjoined. Here Sawyer could not have been holding two offices at the same time when he posted bond and took the oath of office as Probate Judge for the simple fact that there was no vacancy in the office of Judge of Probate, the term of Judge Eng-

lish having not expired. To hold that Sawyer, by posting bond and taking the oath of office as Probate Judge prior to the beginning of his term as Probate Judge vacated his office as Tax Collector, would have left him in the interim in the position not of holding two offices under the State, but of holding none.

The appellant also cites the case of Mann v. Darden, 171 Ala. 142, 54 So. 504, as authority for the proposition that one who accepts a second State public office thereby vacates the first. In that case H. P. Merritt who was then a State Senator accepted appointment as Special Circuit Judge for the 1910 spring term of the Coosa Circuit Court. Whether or not his acts as judge were abortive was an issue before the Supreme Court. In that opinion Justice Anderson observed concerning § 280 of the Constitution:

"Whether this section applies to a mere temporary appointment to hold a special term of the court, we need not decide, for, if it does, it would not invalidate his official acts as special judge, as the acceptance of the last office would only operate as a resignation or vacation of the former office."

In this case the appointment of a Special Judge not requiring the existence of any vacancy the acceptance of the appointment immediately entitled the appointee to enter upon the duties of his office. Such is not the case with Sawyer; he could not when sworn in and bonded have performed any duties as Probate Judge. He had to await the beginning of the term for which he was elected. The appellant also cites us to the case of Shepherd v. Sartain, 185 Ala. 439, 64 So. 57, opinion by Justice Ormond Somerville. This opinion but confirms our views. He wrote:

"It is clear that the rule forbidding the holding of two offices at the same time, whether at the common law or under Constitutions and statutes, never contemplated a disability to be elected to the second office, but, on the contrary, con-

clusively affirms the legality and efficiency of such election.

\* \* \* \* \* \*

" 'Holding office,' within the inhibition under consideration, means qualifying and thereby entering into office and assuming its obligations and becoming invested with its powers. \* \* \* Holding office is no more nor less than filling office \* \* \*."

Since Sawyer could not assume the office of the Judge of Probate of Coffee County until the term of the predecessor expired at 12:00 midnight, January 18, he could not be said to be holding two offices until that time. The Constitutional inhibition therefore had nothing to act upon during the term of Governor Brewer; only when the term of Governor Wallace began did Sawyer find himself in the dual role of Tax Collector and Probate Judge, and only then did his first office become vacant by operation of law and the power of appointment vested in the then governor, Wallace.

 We now consider the proposition that even though no actual vacancy existed in the office of the Tax Collector of Coffee County during the term of Governor Brewer, there was a certainty of a vacancy occurring in such office, and that in order for the affairs of the office to be carried on without interruption, a prospective appointment could be legally made by him. To dispose of this contention we have only to cite the rule laid down in State ex rel. Bland et al. v. St. John, 244 Ala. 269, 13 So.2d 161:

"The rule permitting a prospective appointment to fill an anticipated vacancy is limited to instances in which a vacancy is sure to occur."

It is usually death with its temporal finality that brings about situations which justify such appointments. Strong likelihood is not sufficient. Despite the fact that he had been elected Probate Judge, had made bond as such and had taken oath as such prior to the beginning of his term of of-

fice, Sawyer could at the eleventh hour have renounced that office and remained as Tax Collector had he seen fit to do so, as only by assuming the duties of Probate Judge did he disqualify himself as Tax Collector.

The judgment of the Circuit Court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.