[L. A. No. 16178. In Bank.—January 15, 1937.]

G. A. HOLBROOK, Petitioner, v. BOARD OF DIRECTORS OF IMPERIAL IRRIGATION DISTRICT et al., Respondents.

Charles L. Childers and D. B. Roberts for Petitioner.

Harry W. Horton and George R. Kirk for Respondents.

EDMONDS, J.—The petitioner seeks a writ of mandate directed to the Board of Directors of the Imperial Irrigation District, the individual members thereof and its secretary, to prevent these persons from including the offices of treasurer and assessor-collector of the district on the ballot at the general irrigation election to be held in February, 1937. As a resident of and the owner of land within the district, petitioner asserts its officers are proposing to accept nominations for the disputed offices and to provide ballots indicating that these offices are to be voted for.

The Irrigation District Act (Stats. 1897, p. 254, as amended, Stats. 1927, p. 187; Deering's Gen. Laws 1931, Act 3854) provides that "an election, which shall be known as the general irrigation district election, shall be held in each irrigation district on the first Wednesday in February in each odd-numbered year". (Sec. 19.) It appears that at such election held in February, 1931, F. H. McIver was regularly elected to the office of treasurer and Vinnie Barry was elected assessor-collector for the four-year terms expiring in March, 1935. These offices were voted for at the general irrigation election held in February, 1935, but that election was held void. (*Barry* v. *Board of Directors,* 7 Cal. App. (2d) 412 [46 Pac. (2d) 298].) McIver and Barry have since continued to hold their respective offices and discharge the duties thereof.

The district has five directors, each of whom is elected from a division. The directors from divisions one, three and five were elected in February, 1933, for four-year terms expiring in March, 1937, and it is conceded that these offices will properly be voted upon at the general election to be held in February, 1937.

The question at issue requires a construction of the election provisions of the Irrigation District Act, *supra.* Section 19 of the act provides: "An election, which shall be known as the general irrigation district election, shall be held in each irrigation district on the first Wednesday in February in each odd-numbered year, at which a successor shall be chosen to each officer whose term will expire in March next thereafter. . . . The term of office of each elective officer of an irrigation district shall be four years, . . . but the expiration of the term of any officer shall not create a vacancy in his office, but he shall hold office until his successor shall have qualified." Special elections are provided for in section 19b, reading: "If an election is not held as herein provided, then upon the filing of a petition with the secretary of the board of directors of such district, signed by ten per cent of the electors residing within the boundaries of any such irrigation district, requesting that a special election be called for the election of such officers, the directors of such district shall thereupon call a special election thereof for the election of such officers, . . . The officers elected at such special election shall each take office as soon as they shall have been

·declared elected and have qualified." It is petitioner's contention that the general irrigation district election may not include any offices except those whose terms expire in March next thereafter; that the terms of office now held by McIver and Barry do not expire in March, 1937, and that consequently these offices may not be voted for at the forthcoming general election.

■ "The term of an office relates to the office and not to the incumbent." (*Harrold* v. *Barnum,* 8 Cal. App. 21, 25 [96 Pac. 104, 105].) It is, therefore, not to be confused with the tenure of office and it is not affected by the holding over of an incumbent beyond the expiration of the term. In a term of office there may be several tenures, but the term of the office remains the same. ■ As the general election of 1935 was declared void, McIver and Barry continue to hold office under the provisions of the Irrigation District Act, *supra.* The offices are not vacant because of the statutory requirement that the incumbents shall hold over. The statute has filled the vacancy for the time being. (*People* v. *Tilton,* 37 Cal. 614.) New terms of four years each commenced on the first Tuesday in March, 1935. (Secs. 19 and 20, Irrigation District Act, *supra.*) These new terms of office have not been changed. (*Boyd* v. *Huntington,* 215 Cal. 473, 479 [11 Pac. (2d) 383]; 46 C. J., p. 963, sec. 97; p. 971, sec. 116, and cases cited.)

■ It follows, therefore, that as the present terms of office of treasurer and assessor-collector of the district do not expire in 1937, they cannot be voted upon at the 1937 general irrigation district election. If the electors are not satisfied to have McIver and Barry continue in office, they may at any time invoke the provisions of the act authorizing a special election. Apparently no effort has been made to have such an election during the two years these officers have been holding over.

■ The respondents in their return and by way of answer to the petition ask that the status of Directors Aten and Morrow be passed upon. Respondents allege that the board of directors in anticipation of the general irrigation election has passed a resolution directing that such election shall include only "the offices of directors from Divisions 1, 3 and 5 and for the consolidated office of Assessor-Collector

162

and for the office of Treasurer" and shall not include "the office of director either for Division No. 2 or Division No. 4". Petitioner has raised no issue concerning the office of director in any division of the district and the respondents seek a ruling confirming their own construction of the act in the absence of any controversy over these offices. Their status is not within the issues of the case as presented and cannot be passed upon in this proceeding.

A peremptory writ of mandate will issue commanding the respondents to omit the offices of treasurer and assessor-collector from the ballots to be used at the general district election to be held in the Imperial Irrigation District in February, 1937.

Waste, C. J., Seawell, J., Curtis, J., and Langdon, J., concurred.