[L. A. No. 26781. In Bank. Mar. 28, 1962.]

ALAN G. CAMPBELL et al., Petitioners, v. BENJAMIN S. HITE, as Registrar of Voters of the County of Los Angeles, Respondent.

Ball, Hunt &. Hart and Joseph A. Ball for Petitioners.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Deputy County Counsel, for Respondent.

McCOMB, J.—Petitioners ask this court for a writ of mandate to require Benjamin S. Hite, as Registrar of Voters of the County of Los Angeles (hereinafter referred to as "respondent"), to accept their declarations of intention to become candidates for election at the forthcoming primary and general elections of 1962 to the offices of judge of the Municipal Court for the Los Angeles Judicial District in Los Angeles County, California, which said offices are presently occupied by petitioners and designated as follows:

Office No. 13 Alan G. Campbell
Office No. 14 Joseph G. Gorman
Office No. 15 Maurice T. Leader
Office No. 16 Mario L. Clinco
Office No. 17 Harry V. Peetris

*Facts*

(1) Lucius P. Green was elected to the office of judge of the Municipal Court for the Los Angeles Judicial District in 1956 for a term beginning the first Monday in January 1957 and ending the first Monday in January 1963. Judge Green retired March 15, 1961. Laurence J. Rittenband was

appointed by the Governor for the unexpired term of his elected predecessor and took office on April 21, 1961. Judge Rittenband relinquished the office March 1, 1962, by reason of an appointment to the superior court. Petitioner Alan G. Campbell was appointed by the Governor for the unexpired term of his elected predecessor and took office on March 1, 1962.

(2) James H. Pope was elected to the office of judge of the Municipal Court for the Los Angeles Judicial District in 1956 for a term beginning the first Monday in January 1957 and ending the first Monday in January 1963. Judge Pope retired December 31, 1960. Frank J. Mackin was appointed by the Governor for the unexpired term of his elected predecessor and took office on January 4, 1961. Judge Mackin relinquished the office October 24, 1961, by reason of an appointment to the superior court. Petitioner Joseph G. Gorman was appointed by the Governor for the unexpired term of his elected predecessor and took office on November 29, 1961.

(3) Evelle J. Younger was elected to the office of judge of the Municipal Court for the Los Angeles Judicial District in 1956 for a term beginning the first Monday in January 1957 and ending the first Monday in January 1963. Judge Younger relinquished the office January 5, 1959, pursuant to his election to the superior court in 1958. William H. Rosenthal was appointed by the Governor for the unexpired term of his elected predecessor and took office January 24, 1959. Judge Rosenthal relinquished the office November 16, 1961, by reason of an appointment to the superior court. Petitioner Maurice T. Leader was appointed by the Governor for the unexpired term of his elected predecessor and took office December 27, 1961.

(4) Ben Koenig was elected to the office of judge of the Municipal Court for the Los Angeles Judicial District in 1956 for a term beginning the first Monday in January 1957 and ending the first Monday in January 1963. Judge Koenig relinquished the office on September 24, 1959, by reason of an appointment to the superior court. Ralph H. Nutter was appointed by the Governor for the unexpired term of his elected predecessor and took office November 4, 1959. Judge Nutter relinquished the office on December 12, 1961, by reason of an appointment to the superior court. Petitioner Mario L. Clinco was appointed by the Governor for the unexpired term of his elected predecessor and took office on January 10, 1962.

(5) Arthur S. Guerin was elected to the office of judge of the Municipal Court for the Los Angeles Judicial District in 1956 for a term beginning the first Monday in January 1957 and ending the first Monday in January 1963. Judge Guerin died January 12, 1962. Petitioner Harry V. Peetris was appointed by the Governor for the unexpired term of his elected predecessor and took office January 31, 1962.

(6) Less than 10 months exist between the date of the occurrence of the last vacancy in each of the above-mentioned municipal court judgeships and the forthcoming primary election to be held on June 5, 1962.

(7) Respondent is charged with the duty of conducting the election of judges in said judicial district, and it is alleged in the petition that unless otherwise ordered by this court he will not include the above-described judicial offices presently occupied by petitioners on the ballot in the primary election of June 5, 1962.

 This is the sole question necessary for us to determine: *In view of the provisions of the last sentence of section 71180 of the Government Code, should the above-mentioned judicial offices of the Municipal Court for the Los Angeles Judicial District be placed on the ballot at the primary election to be held June 5, 1962?*[1]

*No.* The last sentence of section 71180 of the Government Code (substantially reenacting section 9 of the Municipal and Justice Court Act,[2] and as amended in 1959 to delete therefrom any references to judges of justice courts), declaring that no successor to an appointee to any vacancy in the office of judge of a municipal court shall be elected at "any election" held within 10 months of the date of the vacancy, must be taken to mean that no successor to the Governor's appointee to fill such vacancy can be elected prior to the holding of a primary election more than 10 months from the inception of the vacancy. (See *Brailsford* v. *Blue, ante,* pp. 335, 336 [1] et seq. [19 Cal.Rptr. 485, 369 P.2d 13].)

 Section 71145 of the Government Code reads: ". . . Judges shall hold office until their successors are elected and

---

[1]The parties have stipulated that (a) issuance by this court of an order to show cause is waived; (b) oral argument is waived, and the matter may be submitted on the verified petition of petitioners and the demurrer thereto filed by respondent and the points and authorities submitted by the respective parties; and (c) whatever order is issued by this court shall be final forthwith.

[2]Stats. 1949, ch. 1510, p. 2681.

qualify, but the office shall be deemed to be vacant upon the expiration of the fixed term for the purpose of selecting a successor."

The second sentence of section 71180 of the Government Code reads: "The appointee shall hold office for the remainder of the unexpired term of his predecessor and until his successor is elected and qualifies."

The exception in section 71145 beginning with the word "but" is an exception to the provisions of that section only. It is not repeated in section 71180. Therefore, the term of office of each of the petitioners is for the term of his predecessor *and* until his successor is elected and. qualifies. This construction determines petitioners' tenure in office between the end of the fixed terms of their predecessors and the next election.

The demurrer is sustained, and the relief sought by petitioners is denied.

This order is final forthwith.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.