[L. A. No. 28757.   In Bank.   Feb. 4, 1966.]

JAMES HARVEY BROWN et al., Petitioners, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Respondent.

Beardsley, Hufstedler & Kemble, Charles E. Beardsley, Seth M. Hufstedler and John Sobieski for Petitioners.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Respondent.

MOSK, J.—Petitioners, judges of the municipal courts of the Los Angeles and Antelope Judicial Districts, seek a writ of mandate ordering respondent, the registrar of voters for both judicial districts, to omit from the notice of election and from the ballots to be used in the 1966 direct primary election the offices which they hold.[1]

This case presents issues in many respects similar to those discussed in *Caldwell* v. *Bruning, S. F. 22197, ante,* page 111 [48 Cal.Rptr. 849, 410 P.2d 353], filed this day, and we have concluded that the offices held by Judges Brown, Higgins, Saeta, and Wright should be omitted from the 1966 election ballots. However, with regard to the offices held by petitioners Grillo and Mohr, the elective process commenced in 1964 was never completed and no person was elected to a new term of office in that year. We have concluded that in these circumstances the successors to Judges Grillo and Mohr should be chosen at the election to be held in 1966.

Each of the petitioners was originally appointed to office in 1964. Petitioner James Harvey Brown has held office since

---

[1] The parties have stipulated that (a) issuance by this court of an alternative writ or order to show cause is waived; (b) oral argument is waived, and the matter may be determined on the basis of the documents which have been filed.

December 28, 1964; he succeeded Richard L. Wells, who had resigned on October 23, 1964, in order to accept an appointment as judge of the superior court. Petitioner Joseph R. Grillo has held office since November 6, 1964. His predecessor, Judge Mario L. Clinco, resigned on September 1, 1964, upon qualifying as judge of the superior court. Petitioner Thomas J. Higgins assumed office on December 1, 1964, succeeding Judge Harry V. Peetris, who had also been appointed to the superior court and had resigned on September 28, 1964. Petitioner David L. Mohr assumed office on August 25, 1964. His predecessor, Judge Edmund W. Cooke, had retired for disability on July 9, 1964. Petitioner Philip M. Saeta has been in office since December 31, 1964; his predecessor, Judge Goscoe O. Farley resigned upon qualifying as superior court judge on December 17, 1964.

The aforementioned petitioners are judges of the Municipal Court, Los Angeles Judicial District. The remaining petitioner, Judge William J. Wright, is the municipal court judge for the Antelope Judicial District. He has held office since August 29, 1964, and was appointed to succeed Judge Alfred J. McCourtney, who qualified as judge of the superior court on July 14, 1964.

Each of the petitioners received two appointments to office. The first appointment in each case specified that the petitioner was to hold office for the remainder of a term expiring on January 4, 1965, and until his successor is elected and qualifies. Subsequent to January 4, 1965, the Governor issued to each petitioner a second appointment purportedly for the remainder of a new six-year term which had commenced on that day.

In *Caldwell* v. *Bruning, supra, ante,* page 111, we held that appointees to the position of municipal court judge hold office not only for the remainder of the fixed term existing at the time of the appointment but also for an additional period terminating upon the election and qualification of their successors. No vacancy is created upon the expiration of the existing term nor is the office deemed to be vacant for the purpose of selecting a successor to the appointee. The tenure of appointees is prescribed by Government Code section 71180, which contains no provision creating a vacancy in such circumstances; and the provision of Government Code section 71145, declaring that the office shall be deemed vacant for the purpose of selecting a successor upon the expiration of the term, is inapposite in determining the tenure of

appointees. (*Campbell* v. *Hite* (1962) 57 Cal.2d 484, 487-488 [20 Cal.Rptr. 328, 369 P.2d 944].) Therefore, no vacancy in these offices existed at the time petitioners were reappointed and the second commissions issued were void.[2]

The time at which the next election is to be held is prescribed by Government Code section 71141, which states that "judges of the municipal court and justice court shall be elected at the general state election next preceding the expiration of the term for which the incumbent has been elected." We held in *Caldwell* v. *Bruning, supra, ante,* page 111, that for the purposes of this section the word "incumbent" must be interpreted as relating to the person last elected to a fixed term of office. We also held that in cases in which an election has been held and a candidate has been elected, the term of office to which the section refers is the term created by that election even though the prevailing candidate does not attempt to qualify for the new term. (See *Adams* v. *Doyle* (1903) 139 Cal. 678, 681 [73 P. 582]; *People* v. *Taylor* (1881) 57 Cal. 620, 622.) The term of office is to be distinguished from the tenure of the individual elected in cases in which the statutory scheme suggests that the Legislature so intended. (*Holbrook* v. *Board of Directors etc. Irr. Dist.* (1937) 8 Cal.2d 158, 161 [64 P.2d 430]; *Boyd* v. *Huntington* (1932) 215 Cal. 473, 479-480 [11 P.2d 383].)

█ When an election has been held for the office of municipal court judge and a candidate has been elected, the elective process is exhausted for the purposes of selecting a person to hold office for the new term. (Cf. *French* v. *Jordan* (1946) 28 Cal.2d 765, 770 [172 P.2d 46].) Unless Government Code section 71141 is interpreted as authorizing an election at the expiration of the new term, a void is left in the statutory scheme of elections, for, in contrast to the provisions relating to judges of the superior court and justice court (Cal. Const., art. VI, § 8; Gov. Code, § 71180.3), no provision has been enacted which would authorize the election of a successor to the appointee at an earlier date.

█ Judge McCourtney, the predecessor of petitioner Wright, filed nomination papers for the 1964 election and his name appeared on the direct primary election ballot. He was

---

[2]The reappointments of Judges Brown, Grillo, Higgins, Mohr, and Saeta were void for an additional reason. At the time of their resignations, the predecessors of these judges themselves held office for no fixed period, but until their successors were elected and qualified. Therefore, no term of office expired in January 1965 and no vacancy would be deemed to have been created at that time even if Government Code section 71145 were applicable to this case.

unopposed and was elected to a new six-year term of office at the primary election and prior to his resignation. (Cal. Const., art. II, § 2¾.) Therefore, petitioner Wright's status is identical in all material respects with that of the petitioner in *Caldwell* v. *Bruning, supra, ante,* page 111, and no election should be conducted for this office until 1970.

The predecessor of petitioner Saeta, Judge Farley, also filed nomination papers for the 1964 election. He was unopposed and no petition was filed before either the direct primary or the general election indicating that a write-in campaign would be conducted. Therefore, pursuant to Elections Code section 25304, his name did not appear on the ballot at either election and he was declared elected on the day of the November general election, prior to his resignation.[3] Thus, the tenure of Judge Saeta is identical with that of Judge Wright, and no election should be conducted for this office in 1966.

The predecessors of Judges Brown, Grillo, Higgins, and Mohr also filed nomination papers for the 1964 election; they were unopposed and their names did not appear on the primary election ballot. (Elec. Code, § 25304.) However, they resigned prior to the general election of November 1964 and, therefore, it must be determined whether they were elected to new terms of office.

Government Code section 71141 provides that the next election shall be held at the general election next preceding

---

[3]Elections Code section 25304 as it read in 1964 provided, "In any judicial district containing a population of 2,000,000 or more, as determined by the last preceding federally published decennial census, in which only the incumbent has filed nomination papers for the office of municipal court judge, his name shall not appear on the ballot unless there is filed with the county clerk or registrar of voters, within 20 days after the final date for filing nomination papers for the office, a petition indicating that a write-in campaign will be conducted for the office and signed by 100 registered voters qualified to vote with respect to the office.

"If a petition indicating that a write-in campaign will be conducted for the office at the general election, signed by 100 registered voters qualified to vote with respect to the office, is filed with the county clerk or registrar of voters not less than 45 days before the general election, the name of the incumbent shall be placed on the general election ballot if it has not appeared on the direct primary election ballot.

"If, in conformity with this section, the name of the incumbent does not appear either on the primary ballot or general election ballot, the county clerk or registrar of voters, on the day of the general election, shall declare the incumbent re-elected."

The name of Judge McCourtney, the predecessor of petitioner Wright, appeared on the ballot although he was unopposed, since the Antelope Judicial District had a population of under 2,000,000 persons. The section was amended in 1965 so as to apply to all judicial districts.

the expiration of the term for which the incumbent has been elected. In *Caldwell* v. *Bruning, supra, ante,* page 111, we held that the word "incumbent" refers to the person last elected to a fixed term even if he does not qualify for office. Thus, if the predecessors of these petitioners were elected to new six-year terms in 1964, the next election for these offices should not be held until 1970. However, if they were not elected to new terms, different rules must necessarily apply.

Petitioners contend that a new term of office was created automatically upon the expiration of the existing term in January 1965 even if no person was elected to fill that term. They cite *Holbrook* v. *Board of Directors etc. Irr. Dist.* (1937) *supra,* 8 Cal.2d 158, in which it was held that a new term in the office of director of an irrigation district commenced even though the election for this new term had been declared void. However, the language of Government Code section 71141, which was not involved in that situation, would seem to preclude such a result in the case at hand, for that section expressly refers to the "term of office for which the incumbent *has been elected.*" (Italics added.) Thus, it seems clear that some person must be *elected* in order for a new term to commence. (*Campbell* v. *Hite* (1962) *supra,* 57 Cal.2d 484, 487-488.)

Elections Code section 25304 (*ante,* fn. 3) provides that the name of an incumbent shall not appear on the primary election ballot unless some other person also files nomination papers or unless a petition indicating that a write-in campaign will be conducted is filed within 20 days after the final day for filing nomination papers. If the name of the incumbent has not appeared on the primary election ballot, it is to be placed on the general election ballot if a petition is filed not less than 45 days before the November general election indicating that a write-in campaign will be conducted. If in conformity with this section the incumbent's name appears on neither ballot he is to be declared elected on the day of the November general election.

Since no election for the offices held by the above named petitioners was in fact conducted in 1964, it is necessary to determine at what date an incumbent should be deemed to be elected when, pursuant to Elections Code section 25304, his name is omitted from the ballot. He obviously cannot be elected at the time of the primary election in view of the provision permitting the subsequent filing of notice that a write-in campaign will be conducted at the general election.

Neither does it appear that the determinative date is the day upon which he is declared elected. ▆ The issuance of a declaration of election is only a formality; it is merely a certificate commemorating an event that has already occurred. Thus, if an election is in fact held, the prevailing candidate is elected on the day of the election (cf. *Bowring* v. *Dominguez* (1935) 3 Cal.2d 167, 168 [44 P.2d 299]), and not on the day the results of the election are officially declared.

The difficulty in applying this rule to the present case is that, pursuant to Elections Code section 25304, no election was held. ▆ However, we have concluded that in cases in which Elections Code section 25304 is applicable, the date most closely analogous to the day of election is the last day upon which a petition can be filed giving notice that a write-in campaign will be conducted, i.e., 45 days before the general election. If at that time no petition has been filed, the name of the incumbent does not appear on the general election ballot; opposition to his candidacy is precluded and, therefore, he should be deemed to have been elected for our present purposes.[4]

▆ The predecessors of Judges Brown and Higgins resigned within 45 days of the general election. No petition giving notice of a write-in campaign had been filed, and hence, they had been elected to new six-year terms at the time of their resignations. The next election authorized by Government Code section 71141 for the offices held by these petitioners is the general election of 1970. (*Caldwell* v. *Bruning, supra, ante,* page 111.)

▆ Judges Clinco and Cooke, the predecessors of Judges Grillo and Mohr, respectively, resigned more than 45 days prior to the 1964 general election. Therefore, at the time of their resignations the substantive portion of the elective process was incomplete and it would seem that they cannot be deemed to have been elected to new terms of office.

Even if Elections Code section 25304 is interpreted as permitting an incumbent to be automatically elected subsequent to his resignation the election of Judges Clinco and Cooke would be unauthorized, for Government Code section 71180 provides that no successor to an appointee shall be elected

---

[4]Obviously we are not concerned here with ''election'' as it might be used in other statutes relating to such subjects as salary, retirement, pensions or other personal or public rights.

within 10 months of the occurrence of a vacancy in the office. The resignations of Judges Clinco and Cooke created a vacancy, and their subsequent election would be within 10 months of the occurrence of this vacancy. With reference to the new term of office they would be successors to petitioners Grillo and Mohr, who are appointees. Thus, their election would be contrary to the provisions of Government Code section 71180.

Since Judges Clinco and Cooke were not elected to new terms of office, and since no new term was automatically created upon the expiration of the existing term, it is difficult to determine from the language of Government Code section 71141 when the next election for these offices should be held. This section defines the time of election in relation to the date at which the current term expires, and it would seem that no such fixed term exists. At the present time petitioners Grillo and Mohr have no fixed tenure but are entitled to remain in office for an undetermined period terminating upon the election and qualification of their successors.

A similar problem was discussed in *Campbell* v. *Hite* (1962) *supra,* 57 Cal.2d 484. In *Campbell,* the petitioners had been appointed to the municipal court within 10 months of the election scheduled to be held in 1962. The court concluded that an election in 1962 was precluded by Government Code section 71180, and held that in these circumstances the successors to the petitioners should be elected at the next general election. This decision would appear to be apposite in determining the time of election of petitioners Grillo and Mohr. No election was held for the offices occupied by these petitioners in 1964 and thus *Campbell* v. *Hite, supra,* suggests that an election should be conducted in 1966.

We recognize that Government Code section 71141 contains no explicit provision authorizing an election at that time, for the 1966 election can, under no interpretation, be described as the election next preceding the expiration of a term. However, in the absence of any statute dealing with the time of election in cases in which no term of office exists, we believe that this section should be construed as authorizing an election at the next succeeding general election in cases in which for some reason an election is not held on the regularly scheduled date.

The general statutory scheme for the election of municipal court judges is that one and only one election is to be held with reference to any particular term of office. Thus

in *Caldwell* v. *Bruning, supra, ante,* p. 111, we held that the election of the petitioner's predecessor at the 1964 primary election exhausted the elective process for the new term. However, no election was held in 1964 for the offices occupied by petitioners Grillo and Mohr and, thus, the elective process was not exhausted but rather was deferred.

It is apparent that the statutes dealing with the election of municipal court judges are neither simple nor unambiguous. In individual cases they may produce arbitrary results; an individual appointed on a given day may be required to stand for election within a relatively short period of time whereas another person appointed on the following day may remain in office for a full six-year term or longer. This anomaly could be avoided by requiring all appointees to stand for election within a specified period of time. However, the Legislature has provided otherwise, and it is beyond the powers of this court to do more than construe the statutes as they have been enacted.

Let a peremptory writ of mandate issue as to petitioners Brown, Higgins, Saeta, and Wright directing respondent, Registrar of Voters for the County of Los Angeles, to omit from the notice of election and from the ballot to be voted upon at the June 1966 primary election the offices presently held by these petitioners. The peremptory writ is denied with respect to the offices presently held by petitioners Grillo and Mohr.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

The application of petitioner Grillo for a rehearing was denied March 2, 1966.