[S. F. No. 22197. In Bank. Feb. 4, 1966.]

THOMAS B. CALDWELL, Petitioner, v. JOHN A. BRUNING, as County Clerk, etc., Respondent.

Pillsbury, Madison & Sutro, Noble K. Gregory, Walter R. Allan and B. V. Yturbide for Petitioner.

Keith C. Sorenson, District Attorney, and L. M. Summey, Deputy District Attorney, for Respondent.

MOSK, J.—Petitioner seeks a writ of mandate directing respondent, the County Clerk of San Mateo County, to omit from the ballot to be used in the 1966 direct primary and general elections the office of judge of the Municipal Court of the Central Judicial District, San Mateo County, now held

by petitioner. We have concluded that an election for this office in 1966 would be unauthorized by statute, and therefore the writ should be granted.[1]

An election for this office was last held in 1964. In that year Judge W. Howard Hartley, the incumbent and petitioner's predecessor, was elected at the direct primary election to a new six-year term of office. (Cal. Const., art. II, § 2¾.) His new term was to commence on January 4, 1965. However, in August 1964 Judge Hartley resigned in order to accept an appointment as judge of the superior court, and on August 31, 1964, the Governor appointed petitioner to succeed him. This appointment was for the remainder of the term of office expiring in 1965 and until his successor is elected and qualifies. (Gov. Code, § 71180.) Judge Hartley did not attempt to qualify for the new term of office to which he had been elected, and on January 4, 1965, petitioner received a second appointment from the Governor for the remainder of the new term and until his successor is elected and qualifies.

The first issue presented by these facts is whether in January 1965 the Governor was authorized to make the second appointment. If he was justified in doing so, it follows that no election should be held in 1966, for all appointments to the office of municipal court judge are for the remainder of the term of the appointee's predecessor and until his successor is elected and qualifies. (Gov. Code, § 71180.)[2] The term of office to which petitioner assertedly was appointed in January 1965 will not expire until January 1971.

The validity of the second appointment turns upon the question whether a vacancy in the office existed at the time of that appointment by virtue of the failure of Judge Hartley to qualify for the new term of office. A similar issue was

[1] The parties have stipulated that (a) issuance by this court of an alternative writ or an order to show cause is waived; (b) oral argument is waived, and the matter may be determined on the basis of the documents which have been filed.

[2] This section provides, in relevant portion: ''Any vacancy in the office of judge of a municipal court shall be filled by appointment by the Governor. . . . The appointee shall hold office for the remainder of the unexpired term of his predecessor and until his successor is elected and qualifies. If the office to which any person so appointed was not previously occupied, he shall hold office until his successor is elected at the general state election next succeeding the occurrence of the vacancy and qualifies. No successor to such appointee shall be elected at any election held within 10 months of the date of the occurrence of the vacancy.''

114

discussed in *Campbell* v. *Hite* (1962) 57 Cal.2d 484 [20 Cal. Rptr. 328, 369 P.2d 944]. In *Campbell,* the petitioners were municipal court judges appointed within 10 months of the time at which the 1962 direct primary election normally would have been held. They requested that the court order the registrar of voters to accept their declarations of candidacy for that election and to place upon the ballot the offices to which they had been appointed. The court held that an election was precluded by the provision of Government Code section 71180 that no successor to an appointee shall be elected at any election held within 10 months of the occurrence of the vacancy which the governor has filled.

Since no election was to be held, the question arose as to the time at which the petitioners' appointments would expire. The court rejected the theory that the appointments would automatically expire simultaneously with the expiration of the fixed terms of their predecessors; Government Code section 71180 was interpreted as providing that an appointee shall hold office not only for the remainder of the fixed term, but also for an additional period of indefinite duration terminating upon the election and qualification of his successor. It was also concluded that Government Code section 71145, which provides that the office shall be deemed vacant upon the expiration of the fixed term for the purpose of selecting a successor, was inapplicable to appointees. In discussing this issue the court said, ''Section 71145 of the Government Code reads: '. . . Judges shall hold office until their successors are elected and qualify, but the office shall be deemed to be vacant upon the expiration of the fixed term for the purpose of selecting a successor.' The second sentence of section 71180 of the Government Code reads: 'The appointee shall hold office for the remainder of the unexpired term of his predecessor and until his successor is elected and qualifies.' The exception in section 71145 beginning with the word 'but' is an exception to the provisions of that section only. It is not repeated in section 71180. Therefore, the term of office of each of the petitioners is for the term of his predecessor *and* until his successor is elected and qualifies. This construction determines petitioners' tenure in office between the end of the fixed terms of their predecessors and the next election.'' (*Campbell* v. *Hite* (1962) *supra,* 57 Cal.2d 484, 487-488.)

Petitioner contends that *Campbell* v. *Hite, supra,* is distinguished from the present case by the fact that in *Campbell*

the election scheduled to be held in 1962 was to be omitted. Since no election was to be held, it may be asserted that no new term of office would be created at the time the existing term expired. However, in the case at hand an election was held prior to the creation of the vacancy, and Judge Hartley was elected to a new six-year term. Petitioner maintains that the failure of Judge Hartley to qualify for office created a vacancy in the *new* term of office and that *Campbell* did not deal with the validity of an appointment made in such circumstances.

This argument misconstrues the rationale of the *Campbell* decision. The determinative factor in that case was not that no new term of office would be created but that no vacancy would occur upon the expiration of the existing term. It was determined that the tenure of office of appointees is governed by Government Code section 71180, which provides without qualification that all appointees to the office of judge of a municipal court shall hold office not only for the fixed term but until their successors are elected and qualify. The expiration of the fixed term does not in fact create a vacancy nor is the office to be deemed vacant for the purposes of selecting a successor since section 71180 contains no provision to that effect. Petitioner was appointed to office pursuant to section 71180 and his tenure is also governed by these provisions. No successor has qualified for office, and, therefore, with reference to this issue the cases are indistinguishable.

Petitioner also contends that a vacancy was created by the provisions of Government Code section 1770 which states, "An office becomes vacant on the happening of any of the following events before the expiration of the term: . . . (i) [The incumbent's] refusal or neglect to file his official oath or bond within the time prescribed." Judge Hartley did not attempt to qualify for the new term and consequently failed to file an oath. However, the purpose of Government Code section 1770 is to provide a means for filling vacancies in circumstances in which no person is legally entitled to the office. (*Adams* v. *Doyle* (1903) 139 Cal. 678, 681 [73 P. 582].) In the case at hand, there was a person entitled to hold office at the time the vacancy allegedly was created, for petitioner himself was entitled to remain in office after the expiration of the fixed term. (Gov. Code, § 71180; *Campbell* v. *Hite* (1962) *supra,* 57 Cal.2d 484, 488.) Therefore, it would seem that Government Code section 1770 is inappli-

cable to this case for reasons similar to those which precluded the application of Government Code section 71145.

█ We have concluded that the appointment which petitioner received on January 4, 1965, was void. █ Government Code section 71180 empowers the Governor to make an appointment only to fill a vacancy. █ On that date no vacancy existed in the office held by petitioner nor was the office deemed to be vacant. █ This interpretation is consistent with the general policy that once appointed, judges may not be involuntarily removed from office by the Governor, for if a second appointment were authorized, the Governor could appoint some other person at the expiration of the term and, in effect, remove the original appointee.

█ Although his second appointment was void, petitioner is entitled to hold office pursuant to his original appointment, which will not expire until the election and qualification of his successor. Therefore, we reach the problem of determining when such an election should be held.

█ The time of election of municipal court judges is prescribed in Government Code section 71141, which states, with two exceptions not herein relevant, that "judges of the municipal court and justice court shall be elected at the general state election next preceding the expiration of the term for which the incumbent has been elected."

In applying the provisions of this section to the facts of the present case, we first must determine to whom the word "incumbent" refers. Superficiality would suggest that petitioner is the incumbent since he is the present occupant of the office. However, this construction produces an untenable result: petitioner's term of office would be of an undetermined duration and hence no particular election could be described as the election next preceding the expiration of the term; therefore, the time of the election would be left unspecified.

A more plausible construction of Government Code section 71141 is produced by reading together the words, "term for which the incumbent has been elected." Such a reading identifies the "incumbent" as the person who has last been elected to a fixed term of office. In the present case this would be Judge Hartley, who was elected to a new six-year term at the 1964 direct primary election. In *Adams* v. *Doyle* (1903) *supra,* 139 Cal. 678, 681, it was held that a person who has

been elected may be deemed the incumbent even though he never qualifies for the office. (Accord, *People* v. *Taylor* (1881) 57 Cal. 620, 622.) ■ Thus, the fact that Judge Hartley resigned prior to the commencement of the new term does not preclude this construction of the statute. Respondent argues that the term to which Judge Hartley was elected never came into existence because of his failure to qualify for office. In *Boyd* v. *Huntington* (1932) 215 Cal. 473, 479 [11 P.2d 383], it was said that the meaning of the words "term of office" is not governed by any uniform rule but must be determined by reference to other portions of the statutes in which they are found. That case concerned the term of office of the secretary of the Board of Dental Examiners, and after examining the relevant statutes the court concluded that the term ran for fixed periods unrelated to the tenure of the particular individual occupying the office. (Cf. *Adams* v. *Doyle* (1903) *supra,* 139 Cal. 678.) *Holbrook* v. *Board of Directors etc. Irr. Dist.* (1937) 8 Cal.2d 158 [64 P.2d 430], dealt with the terms of office of directors of an irrigation district. The petitioners in that case had purportedly been elected to four-year terms in 1935, but the election had been declared void and it was argued that no new terms had been created. However, the court held that the new terms had commenced on the appointed day despite the invalidity of the election and that no election for these offices should be held until the expiration of this term in 1939.

■ The statutory scheme for the election of municipal court judges is regrettably ambiguous, but we have concluded that Government Code section 71141, read in the context of other relevant sections of the code, should be construed to provide that the term of office of such judges runs for a fixed period and is unaffected by the fact that the person elected to the term may fail to qualify for office or may resign prior to the expiration of the term. ■ Government Code section 71145 provides that the term of office of judges of the municipal and justice courts is six years from and including the first Monday of January after the January 1st next succeeding their election, and that the office "shall be deemed to be vacant upon the expiration of the *fixed term* for the purpose of selecting a successor." (Italics added.) This language suggests that the term relates to the office and not to the tenure of the person who has been elected, which might terminate prior to the expiration of this period. (See *Hol-*

*brook* v. *Board of Directors etc. Irr. Dist.* (1937) *supra,* 8 Cal.2d 158, 161.)[3]

The language of Government Code section 71180 (*ante,* fn. 2) also suggests that in the absence of some specific statutory exception, elections for the office of municipal court judge are to be held at fixed intervals. This section does not itself define the term of appointees but instead provides that an appointee shall hold office for the remainder of the unexpired term of his predecessor. Thus, it is clear that the resignation of the predecessor does not cause the term to expire. The only exception to this rule relates to appointees to offices which have not previously been occupied, that is, judicial positions newly created by the Legislature. Such appointees are to hold office only until a successor is elected at the general election next succeeding the occurrence of the vacancy, and qualifies. The office held by petitioner was previously occupied by Judge Hartley and, therefore, this exception is inapposite to the case at hand.

The provisions of Government Code section 71180 contrast sharply with those relating to the terms of office of persons appointed as judge of the superior court (Cal. Const., art. VI, § 8) and the justice court (Gov. Code, § 71180.3). Such appointees are entitled to hold office only until their successors are elected at the next election which would have been held had the vacancy not occurred or at the next general state election after the first day of January next succeeding the creation of the vacancy, whichever occurs first, and qualifies. Thus, it has been held that an appointment to the office of superior court judge results in the premature expiration of the term of office of the predecessor of the appointee and the creation of a new term of office subsequent to the prescribed election. (*French* v. *Jordan* (1946) 28 Cal.2d 765, 770 [172 P.2d 46]; see *DeWoody* v. *Belding* (1930) 210 Cal. 461, 464-465 [292 P. 265].)[4] The failure of the Legislature to include comparable provisions in Government Code section 71180 cannot be ignored.

The legislative history of Government Code section 71180.3 further suggests that the omission of such provisions from

---

[3]As we have noted, this section is not directly applicable to the case at hand. However, it is relevant in interpreting the words ''term of office'' contained in Government Code section 71141.

[4]In *DeWoody* v. *Belding* it was held that the death of a county supervisor subsequent to his election at the direct primary election but prior to the commencement of the new term of office rendered abortive the

Government Code section 71180 was not inadvertent. Until 1959 section 71180 provided for appointments to both the municipal court and justice court. In that year a bill was introduced in the Legislature to amend the section so as to require that successors to appointees to both of these courts be elected at the next general state election succeeding the occurrence of the vacancy. (AB 1642, 1959 Reg. Sess.) However, the bill was never enacted in this form; instead, section 71180.3, which incorporates these provisions but applies only to justice courts, was added to the code (Stats. 1959, ch. 1302, pp. 3575-3576, § 2), and the provisions relating to the tenure of appointees to the municipal court were left unchanged.

 In general, the statutory scheme for the election of municipal court judges is that one election is to be held every six years and that the term of office is unrelated to the tenure of the person elected. Thus, it is clear that had Judge Hartley resigned immediately after the commencement of the new term, petitioner would be entitled to hold office until January 1971. No section of the code describes explicitly the time at which the next election should be held if the person elected at the preceding election fails to qualify for office. However, in the absence of such a provision, it seems most reasonable to conclude that the general rule applies and that the next election for the office which petitioner occupies should be held in 1970, six years after the preceding election.

It does not seem that an election in 1966 could be considered a postponement of the election scheduled for 1964 since an election was held in that year and Judge Hartley was elected to office. His election exhausted the elective process. (*French* v. *Jordan* (1946) *supra*, 28 Cal.2d 765, 770.) There is no language in the code which would authorize another election in 1966. Government Code section 71141 provides that elections shall be held at the general election next preceding the expiration of the term to which the incumbent has been elected, and it is clear that no term of office expires subsequent to this election and prior to the 1968 general election. Thus, in the absence of any plausible alternative, it would seem that the language of Government

election which had been held and that the office should be placed upon the ballot to be used at the ensuing general election. Elections Code section 6613, enacted subsequent to that decision, specifically provides that nonpartisan offices shall not appear on the general election ballot in such circumstances.

Code section 71141 must be interpreted to refer to the term of office to which Judge Hartley was elected in 1964, and that the next election for the office occupied by petitioner should be held at the time of the 1970 election.

Let a peremptory writ of mandate issue directing respondent County Clerk of San Mateo County to omit from the notice of election and from the ballot to be voted upon at the June 1966 primary election the office of Judge of the Municipal Court, Central Judicial District, San Mateo County, presently held by petitioner.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.