[No. C000366. Third Dist. Mar. 17, 1987.]

THE PEOPLE ex rel. THE SUPERIOR COURT OF ORANGE
COUNTY, Plaintiff and Respondent, v.
MARK P. ROBINSON, SR., Defendant and Appellant.

COUNSEL

Hufstedler, Miller, Carlson & Beardsley, Robert S. Thompson, John Sobieski, Gary Plessman, Ed Attanasio and Steven E. Zipperstein for Defendant and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Adrian Kuyer, County Counsel, Robert L. Austin and Edward N. Duran, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

EVANS, J.—This dispute arose after the 1984 primary and general elections

and involves the interpretation of Elections Code section 25304[1] and California Constitution, article VI, section 16.

In January 1983, the Governor appointed defendant, Mark Robinson, as a judge of the Orange County Superior Court. Thereafter, defendant filed his declaration of candidacy and nomination papers for the June 1984 primary election. Twenty days after the final date for filing nomination papers, no other candidates had filed nomination papers nor had any write-in candidate petitions been filed for the primary election.

Since the defendant was the incumbent and the only candidate, it was determined, pursuant to section 25304, that neither his name nor his office need appear on the ballot. Section 25304 provides: "In any county or any judicial district in which only the incumbent has filed nomination papers for the office of superior court judge, ... his name shall not appear on the ballot unless there is filed with the county clerk or registrar of voters, within 20 days after the final date for filing nomination papers for the office, a petition indicating that a write-in campaign will be conducted for the office and signed by 100 registered voters qualified to vote with respect to the office. [¶] If a petition indicating that a write-in campaign will be conducted for the office at the general election . . . is filed[,] the name of the incumbent shall be placed on the general election ballot if it has not appeared on the direct primary election ballot. [¶] If, in conformity with this section, the name of the incumbent does not appear either on the primary ballot or general election ballot, the county clerk or registrar of voters, on the day of the general election, shall declare the incumbent re-elected."

After that determination had been made, defendant resigned effective May 20, 1984.

Thereafter, since no write-in petitions had been filed, defendant's name and office did not appear on the general election ballot. (§ 25304.) After the election, the Secretary of State declared defendant to be the successfully elected candidate.

However, when defendant attempted to take office in January 1985, no judicial duties were assigned to him and he has since been prevented from taking office. In January 1986, the Governor appointed William McDonald to fill the office.

■ The issue before us is whether defendant, despite his resignation

---

[1]Unless otherwise indicated, all further section references will be to the Elections Code operative at the times material to defendant's case.

prior to the primary election, was duly elected Judge of the Orange County Superior Court. We agree with the trial court's decision that he was not, and that his resignation prior to both the primary and general elections created a vacancy in that office to be filled by the Governor.

Section 25301 sets out the procedure by which one becomes a candidate for judicial office and provides in pertinent part: "[E]very candidate for a judicial office, not more than 14 nor less than five days prior to the first day on which his nomination papers may be circulated and signed or may be presented for filing, shall file in the office of the county clerk in which his nomination papers are required to be filed or left for examination, a written and signed declaration in duplicate of his intention to become a candidate for that office on a form to be supplied by the county clerk. A candidate for a numerically designated judicial office shall state in his declaration for which office he intends to become a candidate. . . . This section shall apply to all judicial offices whether numerically designated or not."

As indicated by section 25301, incumbency has nothing to do with candidacy and is discussed solely in sections 10211 and 25304. Section 10211 deals with ballot designations and is not applicable to this case. However, section 25304 is directly at issue. Defendant interprets the term incumbent as used in section 25304 to be a term that designates a thing or person and which is not subject to a limiting modifier, i.e., a proper noun. He asserts his incumbency status was determined at the time he filed his nomination papers, and since he was then the incumbent, he remained one at the time of the election, even though he had resigned as an officeholder. Therefore, defendant contends he, as an incumbent, was properly declared reelected as the result of the silent election, as provided in the last paragraph of section 25304. We disagree.

"Incumbent" as used in section 25304 is a descriptive term; it applies to an officeholder. The meaning and application of section 25304 does not change if we substitute the term "officeholder" for that of "incumbent" in the relevant portions of the section. "In any county or any judicial district in which only the [officeholder] has filed nomination papers for the office of superior court judge, . . . his name shall not appear on the ballot unless there is filed with the county clerk or registrar of voters, within 20 days after the final date for filing nomination papers for the office, a petition indicating that a write-in campaign will be conducted for the office and signed by 100 registered voters qualified to vote with respect to the office. . . . [¶] If, in conformity with this section, the name of the [officeholder] does not appear either on the primary ballot or general election ballot, the county clerk or registrar of voters, on the day of the general election, shall declare the [officeholder] re-elected."

■ Furthermore, the Legislature's intent that the term incumbent was meant to be interpreted as officeholder is supported by Black's Law Dictionary which defines incumbent as "A person who is in present possession of an office; one who is legally authorized to discharge the duties of an office." (Black's Law Dict. (5th ed. 1979) p. 691, col. 1.)

To conclude otherwise would permit the election to an office of a nonofficeholder without the consent by vote of the electorate, an absurd notion, when viewed in the arena of the democratic election process. Such a process could be categorized as a "silent election." ■ Moreover, such an interpretation would do mischief to the underlying intent of the Legislature which was to permit an unopposed judicial officeholder to be reelected without the formality and expense of a regularly conducted election by having his or her name appear on a ballot unnecessarily.

■ Our conclusion is supported by the decision in *Brown* v. *Hite* (1966) 64 Cal.2d 120 [48 Cal.Rptr. 869, 410 P.2d 373]. There the predecessor section to section 25304 was utilized to resolve the claims of several municipal court judges who had been appointed to their offices in 1964, although the section then applied only to elections for municipal court judges in Los Angeles. (*Id.,* at p. 125, fn. 3.) The current provisions of section 25304 are identical to those at issue in *Brown* with two exceptions not here applicable. Section 25304 includes justice court and superior court judges in all counties and lengthens the period within which to file a write-in petition from 45 to 59 days before the general election. Accordingly, the rationale of *Brown* is directly applicable and binding on this court.

In *Brown,* several of the judges appointed to the municipal courts in Los Angeles in 1964 sought to mandate the omission of their names from the 1966 direct primary ballot on the theory that their predecessors had been elected in 1964 pursuant to the provisions of section 25304 and consequently that, under Government Code section 71141, their terms had not expired. All of the predecessor judges had resigned in 1964 following the filing of their nomination papers, four before and two after the deadline for filing write-in petitions for the general election ballot. The court granted relief to Judges Brown and Higgins and denied relief to Judges Grillo and Mohr.

The predecessors of the four judges had filed nomination papers for the 1964 election, were unopposed, and their names did not appear on the primary election ballot. Were they elected? The court assumed that all of the predecessor judges had filed nomination papers for the 1964 primary election and said: "Since no election for the offices held by [the judges] was in fact conducted in 1964, it is necessary to determine at what date an incumbent should be deemed to be elected when, pursuant to ... section 25304,

his name is omitted from the ballot." (*Brown, supra,* 64 Cal.2d at p. 126.) The court concluded that the critical date for purposes of election is "the last day upon which a petition can be filed giving notice that a write-in campaign will be conducted, i.e., 45 days before the *general* election. If at that time no petition has been filed, the name of the incumbent does not appear on the general election ballot; opposition to his candidacy is precluded and, therefore, he should be deemed to have been elected for our present purposes." (*Id.,* at p. 127, italics added.)

Accordingly, the court held that the predecessors of Judges Brown and Higgins had been elected since they had resigned *within* 45 days of the general election and no petition for a write-in campaign had been filed. They were entitled to the relief sought. However, with respect to the offices held by Grillo and Mohr, the court held that "the elective process commenced in 1964 was never completed and no person was elected to a new term of office in that year. [In] these circumstances the successors to Judges Grillo and Mohr should be chosen at the election to be held in 1966." (64 Cal.2d at p. 122.)

Defendant Robinson appears to be in exactly the same position as the predecessors to Judges Grillo and Mohr. He resigned effective May 20, 1984, before the primary election and hence well before the period (59 days before the general election) within which a petition for a write-in campaign for the general election could be filed. No such petition was filed. However, *Brown* assumes, in the analogous circumstances, that none could have been filed. To paraphrase *Brown*: "[A]t the time of [Robinson's] resignation[] the substantive portion of the elective process was incomplete and it would seem that [he] cannot be deemed to have been elected to [a] new term[] of office." (64 Cal.2d at p. 127.)

■ Robinson also contends his case should be governed in the same manner as the case in which an incumbent judge files for election, receives opposition, resigns, but is nonetheless elected to the ensuing term of office in a *contested* election. In that case, the former judge is properly elected and may take the oath of office at the beginning of the ensuing term. (See *Stanton v. Panish* (1980) 28 Cal.3d 107, 115-116 [167 Cal.Rptr. 584, 612 P.2d 137]; *Brown v. Hite, supra,* 64 Cal.2d at p. 127; see also 63 Ops.Cal.Atty.Gen. 694 (1980).) ■ The answer to his contention is simply that a *contested* election operates according to different statutory rules.

A "candidate" for judicial office must sign a declaration of candidacy (§ 25301) and file nomination papers (§ 6490). A "candidate" must meet the statutory and constitutional qualifications for office (§ 6491), i.e., be an

elector (§ 17) who possesses the requisite number of years of practice as an attorney (Cal. Const., art. VI, § 15). Under section 6611, a "candidate for a nonpartisan office [including a judicial office (§ 37)] who at a primary election receives votes on a majority of all ballots cast . . . for that office shall be elected to such office." Incumbency plays no part in such an election. Any qualified candidate for the judicial office may be elected, whether or not a judge. When an incumbent judge runs in a contested election he runs not as a judge but as a "candidate."

Robinson's reliance upon dicta in *Stanton* v. *Panish, supra,* 28 Cal.3d at page 116, footnote 2, is misplaced. In that instance, there was a contested primary election. Brown, the incumbent superior court judge, received the greatest number of votes at the June 1980 Primary Election, but less than a majority. He resigned on June 22, after the election. The registrar of voters declared an intention to remove the office from the November ballot. Stanton, a candidate in the June primary, sought and received a mandate compelling the registrar to proceed with the election. The court considered only the provisions of California Constitution, article VI, section 16, subdivision (c), concerning the creation of a vacancy. It did not advance any analysis concerning the application of the Elections Code. The court held "that the resignation . . . of an incumbent superior court judge during the final year of his term, at a time when another person has qualified as a candidate for the office, does not compel cancellation of the scheduled election for that office." (28 Cal.3d at pp. 115-116.) At this point a footnote dictum appears. It says that there are alternative methods by which a candidate may qualify. "If a vacancy occurs during the last year of an incumbent's term after the elective process had commenced by the qualification of any candidate, including an unopposed incumbent who need not appear on the ballot (Elec. Code, § 25304) that process must continue. Only if no election can be held because no candidate had qualified for the primary or general election does the appointment provision of section 16(c) operate . . . ." (*Id.,* at p. 116, fn. 2.)

Nothing in *Stanton,* dictum or otherwise, suggests that the holding in *Brown* is in any way compromised.

In the present proceeding, since no other candidates had qualified to run for superior court judge, defendant's resignation created a vacancy in the office, triggering the provisions of California Constitution, article VI, section 16, subdivision (c), which provide that the Governor shall appoint a person to fill that office.[2]

---

[2]California Constitution, article VI, section 16, subdivision (c), provides in pertinent part: "A vacancy shall be filled by election to a full term at the next general election after January 1 following the vacancy, but the Governor shall appoint a person to fill the vacancy temporarily until the elected judge's single term begins."

Our conclusion, that defendant's resignation on May 20 effectively removed him from the office and terminated his status as the incumbent, thereby removing him from the purview of the last paragraph of section 25304 (*Brown* v. *Hite, supra,* 64 Cal.2d at p. 122), renders needless our discussion of defendant's several remaining arguments.

The judgment (order) is affirmed.

Puglia, P. J., and Blease, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 28, 1987. Lucas, C. J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.