TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
| --- | --- | --- |
| | : | |
| OPINION | : | |
| | : | No. 24-502 |
| of | : | |
| | : | April 23, 2025 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| MANUEL M. MEDEIROS | : | |
| Deputy Attorney General | : | |

The HONORABLE REBECCA BAUER-KAHAN, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on a question relating to municipal utility districts.

**QUESTION PRESENTED AND CONCLUSION**

Does Public Utilities Code section 11865, a provision of the Municipal Utility District Act, require an appointed board member to step down before election day, which would necessarily occur before certification of the election results, thereby leaving a vacancy in office until a successor is seated?

No. Under Public Utilities Code section 11865, an appointed board member must step down only when an elected successor takes office upon certification of the election.

**BACKGROUND**

The East Bay Municipal Utility District (EBMUD or District) has been organized under the Municipal Utility District Act (Act) since 1923.[1] The Public Utilities Code

---

[1] *East Bay Municipal Utility Dist. v. Garrison* (1923) 191 Cal. 680, 683 (district

(continued…)

1

authorizes a municipal utility district to provide district residents with "a panoply of services including water, power, garbage, sewer, and transportation."[2]  The District Board of Directors comprises seven members elected from wards within the EBMUD service area.[3]  Board members are elected to staggered four-year terms at the biennial general election.[4]

The Act allows the board of directors of a municipal utility district to fill a vacancy on the board through appointment or election.  Public Utilities Code section 11865 provides, in relevant part:

> Vacancies on the board shall be filled as provided in this section:
>
> (a) The remaining board members may fill the vacancy by appointment *until the next district general election* that is scheduled 90 or more days after the effective date of the vacancy. . . .
>
> [¶] . . . . [¶]
>
> (d) A person elected at an election to fill a position to which an appointment was made pursuant to this section *shall take office immediately upon issuance of the certificate of election by the secretary of the district*, after qualifying according to law, and shall hold office for the remainder of the term in which the vacancy occurs.[5]

Under subdivision (a), if the Board fills a vacancy by appointment, the appointee serves "until the next district general election that is scheduled 90 or more days after the effective date of the vacancy."[6]  Our requestor suggests that this requires the appointee to

organized in 1923 pursuant to 1921 statute authorizing municipal utility districts); Stats. 1921, ch. 218, p. 245.

[2] 107 Ops.Cal.Atty.Gen. 126, 126 (2024); Pub. Util. Code, § 12801.

[3] EBMUD website, Board of Directors and management, https://www.ebmud.com/about-us/board-directors (as of Apr. 23, 2025); see Pub. Util. Code, §§ 11801, 11850 (number of directors).  Ward boundaries are drawn by the county board of supervisors and are intended to contain an approximately equal number of voters.  (Pub. Util. Code, § 11851.)

[4] Pub. Util. Code, §§ 11821, 11854, 11862; see Elec. Code, § 324, subd. (a) (defining "general election").

[5] Pub. Util. Code, § 11865, italics added.  The secretary of the District is appointed by the board.  (*Id.,* § 11931.)

[6] The 90-day period was included to provide time for candidates to get their names on the

(continued…)

24-502

"step down the day before election day."[7]  She further argues that, because the person subsequently elected does not take office until the election is certified, there will be a "gap in representation for the ward until the elected candidate takes office following certification."[8]  And she informs us that the Board secretary's election certification could take a month or more.[9]

Our requestor asks whether subdivision (a) does, indeed, require an appointee to step down "the day before election day."  We conclude that it does not, that there need not be a gap in representation, and that the tenure of an appointed board member continues until the elected successor takes office upon certification of the election.[10]

## ANALYSIS

In analyzing the terms of section 11865, we apply well-established principles of statutory construction:

> When interpreting a statute our primary task is to determine the Legislature's intent.  To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning.  A statute is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.  A statute must be construed in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.[11]

---

ballot.  (See Governor's Off. Of Planning & Research, Enrolled Bill Rep. on Assem. Bill No. 73 (1977-1978 Reg. Sess.) Aug. 31, 1978.)

[7] Letter from Assemblymember Rebecca Bauer-Kahan to Marc J. Nolan, Senior Assistant Attorney General, requesting opinion, May 29, 2024 (on file) (hereafter, "Letter requesting opinion").

[8] *Ibid.*; see Pub. Util. Code, § 11865, subd. (d).

[9] Letter requesting opinion, *supra*.

[10] A term of office relates to the office itself, though the tenure of that term may be interrupted by a vacancy and a new incumbent.  (105 Ops.Cal.Atty.Gen. 182, 185 (2022).)  As previously noted, the term of office for elected District board members is four years.  (Pub. Util. Code, §§ 11854, 11862.)  The question presented here concerns the expiration of an appointed member's tenure in an existing term of office.  That term of office ends when a successor is elected and qualified.  (*Ibid.*)

[11] 79 Ops.Cal.Atty.Gen. 163, 165 (1996), internal quotation marks and citations omitted; see also *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387.

If the language of the statute is ambiguous, we may look to legislative history and to rules or maxims of construction to resolve the ambiguity.[12]

As noted, section 11865(a) provides that an appointed District board member serves "until the next district general election." The word "election" is not ambiguous in this context. We can find no authority for the proposition that, with respect to the fixing of a term of office, the word "election" refers to the date of voting alone—without consideration of the outcome. As the California Supreme Court has long recognized, "[a]n election is the deliberate choice of a majority or plurality of the electoral body."[13] It is commonly understood to be "[t]he *process* of selecting a person to occupy an office."[14] Until that choice or selection is ascertained as required by law, an "election" cannot reasonably be said to have happened for purposes of section 11865(a).[15] Indeed, Public Utilities Code section 11533, governing municipal utility districts, mandates that: "Except as otherwise provided in this division elections shall be held and conducted *and the result ascertained, determined, and declared in all respects* as nearly as practicable in conformity with the general election laws of the State."[16] Nothing in the plain terms of section 11865(a) compels a departure from this statutory norm.

Construing the term "election" to encompass the whole of the process, rather than just balloting, furthers the apparent intent of the Legislature. The manifest purpose of section 11865 is to provide for the *filling* of vacancies with a limited tenure.[17] We can

---

[12] *Sutter's Place, Inc. v. California Gambling Control Com.* (2024) 101 Cal.App.5th 818, 832.

[13] *Saunders v. Haynes* (1859) 13 Cal. 145, 153.

[14] ELECTION, Black's Law Dictionary (12th ed. 2024), italics added.

[15] Cf., e.g., *Brown v. Hite* (1966) 64 Cal.2d 120, 124 ("When an election has been held for the office of municipal court judge and a candidate *has been elected*, the elective process is exhausted for the purposes of selecting a person to hold office for the new term" [italics added]).

[16] Pub. Util. Code, § 11533, italics added; *Contra Costa County v. East Bay Municipal Utility Dist.* (1964) 229 Cal.App.2d 556, 560-561 (provisions of the Public Utilities Code relating to elections must be read in connection with the general election laws).

[17] Subdivision (a) was added in 1978. (Stats. 1978, ch. 573, § 3.) Prior to this change appointees to fill vacancies served for the remainder of their predecessor's four-year term of office. (See Stats. 1951, ch. 764, p. 2218, § 11866, former Pub. Util. Code, § 11866 ["The person appointed to fill any vacancy on the board shall hold office for the remainder of the unexpired term of his predecessor"], repealed Stats. 1978, ch. 573, § 4.) The 1978 change thus ensured that the tenure of a vacancy appointee could be no more than two years.

4

discern no reason why, to accomplish that purpose, the Legislature would mandate the creation of still another vacancy in board representation; nor has the Legislature suggested any such reason.

Moreover, there is a longstanding policy against vacancies in public office—that is, "having a gap between successive office holders."[18] We may presume that the Legislature would not expect section 11865(a) to be read as diverging from that policy by causing an unnecessary gap in incumbency between the date of voting and the date of election certification.[19] Instead, we will "follow the construction that 'comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.'"[20]

Subdivision (d) of section 11865, which we quoted earlier, reinforces our conclusion. Under that provision, when an election is held to fill a board seat currently occupied by an appointee, the winner assumes office as soon as the election is certified.[21] Reading subdivisions (a) and (d) together, then, we believe the Legislature contemplated that a vacancy appointee to the EBMUD Board of Directors would serve until his or her elected successor takes office.[22] By "tak[ing] office immediately" upon certification, the

---

[18] *Hartford Acc. & Indem. Co. v. City of Tulare* (1947) 30 Cal.2d 832, 836; see also *People ex rel. Stratton v. Oulton* (1865) 28 Cal. 44; Gov. Code, § 1302 ("Every officer whose term has expired shall continue to discharge the duties of his office until his successor has qualified").

[19] Cf. *In re Christian S.* (1994) 7 Cal.4th 768, 782 ("We are not persuaded the Legislature would have silently, or at best obscurely, decided so important and controversial a public policy matter and created a significant departure from the existing law").

[20] 107 Ops.Cal.Atty.Gen. 1, 16 (2024) (construing Ralph M. Brown Act), citing *Chaffee v. San Francisco Library Com.* (2004) 115 Cal.App.4th 461, 468.

[21] "A person elected at an election to fill a position to which an appointment was made pursuant to this section shall take office immediately upon issuance of the certificate of election by the secretary of the district, after qualifying according to law, and shall hold office for the remainder of the term in which the vacancy occurs." (Pub. Util. Code, § 11865, subd. (d).)

[22] *Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1567 ("It is a well-settled principle of statutory interpretation that the various parts of a statute must be considered as a whole to avoid absurd or anomalous results by harmonizing any apparently conflicting provisions; and thus, a particular part of a statutory enactment must be viewed in light of the enactment in its entirety").

24-502

elected board member perforce terminates the tenure of the incumbent appointee, by operation of law.[23]

We therefore conclude that, under Public Utilities Code section 11865, an appointed board member must step down only when an elected successor takes office upon certification of the election.

---

[23] See Pub. Util. Code, §§ 11854, 11865, subd. (d).

6