TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 22-502 |
| of | : | October 27, 2022 |
| ROB BONTA Attorney General | : | |
| SUSAN DUNCAN LEE Deputy Attorney General | : | |

The HONORABLE MARC BERMAN, ASSEMBLYMEMBER, has requested an opinion on questions relating to filling vacancies on school boards.

## QUESTIONS PRESENTED AND CONCLUSIONS

1. Where a school district changes from at-large elections of board trustees to by-trustee area elections (in which the district is divided into trustee areas, and trustees must live within specific trustee areas), and a vacancy arises in a seat held by a member who was elected at-large, do the new by-trustee areas apply in filling the vacancy?

No. In this circumstance, the boundaries in effect at the time the member was elected apply for the purpose of filling the vacancy.

2. Where a school district has revised the boundaries of its trustee areas following the decennial census, do the revised boundaries apply if a vacancy occurs during the term of a governing board member elected prior to revision of the boundaries?

No. In this circumstance, the trustee area boundaries in effect at the time the member was elected apply for the purpose of filling the vacancy.

1

22-502

# BACKGROUND

California's schools are organized into districts, and each district is governed by a school board.[1] The members of a school board—known as trustees—are elected to four-year terms, which are staggered such that roughly half the members are elected every two years.

The Education Code establishes a system governing elections of trustees to school boards.[2] The system permits school districts to choose among three methods of election: at-large elections, "by-trustee area" elections, and "from-trustee area" elections.[3] In an at-large system, each member of the board is elected by the voters of the entire district.[4] In a by-trustee area election, the member residing in each trustee area is elected by the voters of that trustee area.[5] In a from-trustee area election, the member is elected by the voters of the entire district, but the member must reside in their specific trustee area.[6]

This request seeks to clarify the law on filling vacant positions on school district governing boards. The questions posed have become pressing in recent years, due to two unrelated factors occurring simultaneously. First, beginning in 2020, California has experienced a marked increase in resignations from school boards before the end of the board member's term.[7] Second, many school districts have recently revised the boundaries of their trustee areas, some as a result of the decennial census and some to conform to the California Voting Rights Act. These two trends are requiring school districts to determine how to fill a vacancy when the incumbent was elected under an old districting system, but a new districting system will apply to that seat at the next regular election.

Although the Education Code provides a general process for filling vacancies on school boards, it does not provide a specific procedure for filling vacancies that occur after a new districting system has been adopted, but before the end of a term that was governed by the old system.

---

[1] See Ed. Code, § 5000.

[2] Ed. Code, §§ 5000-5030.

[3] Ed. Code, § 5030; see also Ed. Code, § 14026.

[4] Ed. Code, § 5030, subd. (a); see also Ed. Code, § 14026 ("at-large" definition).

[5] Ed. Code, § 5030, subd. (b); see also Ed. Code, § 14026 ("by district" definition).

[6] Ed. Code, § 5030, subd. (c).

[7] California School Boards Association, letter to Governor Gavin Newsom, Sept. 29, 2021.

ANALYSIS

1. **Where a district has recently adopted by-trustee area elections, a vacancy should be filled according to the old boundaries until the next regular election for that term.**

A transition from at-large to by-trustee area elections may be initiated by the school board, by community members, or by the County Committee on School District Organization.[8]  When a change in election method occurs, Education Code section 5021 provides for the orderly transition from one method to another.

Subdivision (a) of section 5021 states that, after the election method changes, "any affected incumbent board member shall serve out the board member's term of office and succeeding board members shall be nominated and elected in accordance with [the new method]."  That provision leaves open the question of what should happen if a vacancy occurs before the term of office ends.

Education Code section 5091 provides generally for the filling of vacancies on school boards.  Subdivision (a) of section 5091 provides that when a vacancy occurs, the school board must either order an election or make a provisional appointment to fill the vacancy within 60 days.[9]  The provision does not say whether old boundaries or new boundaries should apply to filling the vacant term.

Subdivision (e) of section 5091 provides that when a vacancy is filled by appointment, the appointee shall hold office only until the next regular election, at which time an election will be held to fill the vacancy for the remainder of the term.  Again, the provision does not say whether old boundaries or new boundaries should apply.

In the absence of clear guidance in the text of the statutes, our task here is to ascertain the Legislature's intent by examining the overall language, structure, and context of the statutory scheme.[10]  We also have the benefit of our own prior opinions on similar questions.  In 2014, we considered whether a person appointed to the unexpired term of a resigned city councilmember must satisfy the same residency requirements as

---

[8] Ed. Code, § 5019.

[9] Ed. Code, § 5091, subd. (a)(1).  A change from one system of voting to another is generally subject to voter approval.  (Ed. Code, § 5020, subd. (a)(1).)  An exception to the voter-approval requirement arises if the County Committee finds that changing to by-trustee area elections will further the purposes of the California Voting Rights Act; in that case, the resolution takes effect at the next election.  (Ed. Code, § 5020, subd. (a)(2).)

[14] *Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190 (internal quotation marks omitted).

22-502

the resigned member did.[11]  In 2021, we considered whether a person appointed to the unexpired term of a deceased county supervisor must satisfy the same residency requirements as the deceased member did.[12]  In both opinions, we concluded that the old boundaries applied for the duration of the unexpired term, and that the new boundaries would take effect upon the next regular election for that office.[13]

While those opinions both involved election statutes not relevant here, our conclusions in both opinions were supported by an observation that the relevant statutes focus on the term of office, rather than on the individual holding the office or on the effective date of the boundary change.[14]  We reasoned that if an appointed member holds office "for the unexpired term of the former incumbent," then it makes sense to use the former boundaries for the same unexpired term.[15]  We elaborated that "it would be inharmonious if the boundaries that the appointed member represented were to change during the elective term of office, based on the fortuity that the elected incumbent happened to resign or was otherwise unable to serve out his or her full term."[16]

Examining the relevant Education Code provisions in light of these authorities, we conclude that the term of office is a key operative factor in the Education Code provisions, akin to the Elections Code and Government Code provisions analyzed in our earlier opinions.  Specifically, Education Code section 5021(a) provides that, after a boundary change takes effect, an incumbent board member "shall serve out the board member's term of office," after which succeeding members will be elected under the new boundary rules.[17]  The statute establishes a sequence of events in which the transition from one boundary system to another is keyed to the end of one fixed term of office and the beginning of the next.[18]  Further, section 5091(e) states that a person appointed to fill

---

[11] 97 Ops.Cal.Atty.Gen. 12 (2014).

[12] 104 Ops.Cal.Atty.Gen. 80 (2021).

[13] See generally *City of Woodlake v. Tulare County Grand Jury* (2011) 197 Cal.App.4th 1293, 1302, fn. 4 (Legislature is presumed to be aware of Attorney General opinions, and if opinions had misconstrued legislative intent, "some corrective measure would have been adopted").

[14] See 104 Ops.Cal.Atty.Gen., *supra*, at p. 84; 97 Ops.Cal.Atty.Gen., *supra*, at pp. 16-17.

[15] 97 Ops.Cal.Atty.Gen., *supra*, at p. 16.

[16] *Id.*, at pp. 16-17.

[17] See also Ed. Code, § 5021, subds. (b), (c).

[18] "It should be pointed out that the phrase 'term of office' relates to the office itself and not to the incumbent. The term always remains the same." *Holbrook v. Board of Directors, etc.* (1937) 8 Cal.2d 158, 161.

4

a vacancy holds office only until the next regularly scheduled election, which "shall be held to fill the vacancy for the remainder of the unexpired term." This statute ensures that seats will continue to be filled in a predictable, patterned way, and that casual vacancies will not disrupt the pattern.

In order to effectuate the purposeful pattern established by these statutes, we conclude that the boundary rules that applied at the inception of a term are meant to continue for the duration of that term, even if the tenure of the term is interrupted by vacancy and a new incumbent.

This conclusion accords with longstanding judicial precedent. In *Sloan v. Donoghue*, the Court of Appeal held that when the Legislature changed the boundaries of a congressional district, and then the incumbent died, the special election to fill the remainder of the term should be held in the district as constituted at the time of the original election.[19] *Legislature v. Reinecke* resolved a similar issue in the context of California's staggered election system for state senators after decennial reapportionment. Applying *Sloan*, the Court of Appeal decided that the senators who were elected before the boundaries changed were entitled to serve out their four-year terms, and that if vacancies occurred in those districts before the next regular election, they would be filled using the old boundaries.[20]

In order to continue the pattern established by the statutory scheme, we conclude that the boundary rules which applied at the beginning of a term continue to apply to that term until the end of the term.

**2. Where a district has revised the boundaries of its trustee areas following the decennial census, and a vacancy occurs before the next regular election for that seat, the boundaries in effect at the time of the previous election are used to determine eligibility to fill a vacancy for that seat.**

The second question is much like the first, except that it refers to boundary changes brought about by the decennial census, rather than by a local decision to change from one election method to another.

When a school district uses by-trustee area voting, Education Code section 5019.5 provides that the trustee areas must be reconsidered and adjusted after each decennial census to ensure that "one or both of the following conditions is satisfied:"

(1) The population of each area is, as nearly as may be, the same proportion of the total population of the district as the ratio that the number of

---

[19] *Sloan v. Donoghue* (1942) 20 Cal.2d 607, 609.

[20] *Legislature v. Reinecke* (1973) 10 Cal.3d 396, 404-406.

5

governing board members elected from the area bears to the total number of members of the governing board.

(2) The population of each area is, as nearly as may be, the same proportion of the total population of the district as each of the other areas.[21]

The Education Code does not contain a specific rule for filling vacancies created before decennial redistricting has taken full effect. As above, our task is to examine the structure of the statutory scheme as a whole, in order to ascertain what the Legislature intended for this situation, which falls between the express provisions of the rules.[22]

As noted above, Education Code section 5091 governs the filling of vacancies on school boards. Section 5091, subdivision (e) states that a person appointed to fill a vacancy "shall hold office only until the next regularly scheduled election." Furthermore, the person elected to fill the vacancy "shall hold office for the remainder of the term in which the vacancy occurs." These provisions demonstrate that the regular pattern of four-year terms is not to be disrupted by the occurrence of the vacancy.

We find further evidence of an intentional four-year pattern in Education Code sections 5030 and 5021. Section 5030 is the statute that provides for three different methods of district elections. It provides that any recommendation to change from one method to another must "provide that any affected incumbent member shall serve out his or her term of office and that succeeding board members shall be nominated and elected in accordance with the method recommended by the county committee."[23] After a change has been enacted, section 5021 governs; it provides that incumbents affected by a change are to serve out their terms of office, and the changed rules apply to succeeding officers.[24]

While none of these statutes addresses the exact situation posed to us, we believe that "the only practical and sound solution"[25] is to interpret the statutes so as to maintain the established pattern, by which changes in boundary systems are implemented synchronously with the end and beginning of fixed terms of office.

We therefore conclude that, where a school district governing board has revised the boundaries of its trustee areas following the decennial census, the boundaries in effect

---

[21] Ed. Code, § 5019.5, subd. (a).

[22] See *Smith v. LoanMe, Inc., supra,* 11 Cal.5th at p. 190.

[23] Ed. Code, § 5030.

[24] Ed. Code, § 5021, subds. (b), (c).

[25] *Sloan v. Donoghue, supra,* 20 Cal.2d at p. 612.

6

at the time of the previous election should be used to determine eligibility to fill a vacancy occurring before the next regular election for that office.[26]

---

[26] Nothing in this Opinion is intended to suggest that a court would lack power to order otherwise to remedy a violation of the law.